**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional Attorney On Signature Page]

*Attorneys for Plaintiff,*
Tavia Lawson

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAVIA LAWSON, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACURIAN, INC.,<br><br>Defendant. | **Case No.:** 14-CV-6232<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# INTRODUCTION

1. TAVIA LAWSON ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of ACURIAN, INC. ("Acurian" or "Defendant") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

# JURISDICTION & VENUE

2. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b).

3. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in this judicial district and the harm to Plaintiff occurred in this judicial district, and Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California, as it conducts business there.

# PARTIES

4. Plaintiff is a natural person residing in California, in the County of Los Angeles, and is a "person" as defined by 47 U.S.C. § 153 (39).

5. Acurian is a nationwide enrollment and retention company that recruits individuals nationwide for medical trials and testing, and is a "person" as defined by 47 U.S.C. § 153 (39).

6. According to Defendant's own website, "[s]ince 1998, Acurian has supported over 450 protocols for more than 110 companies worldwide. In fact, Acurian was rated as the No. 1 patient recruitment company by trial

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

sites in a 2009 Readex Research survey." Additionally, the website states, "Acurian has recruited and enrolled thousands of patients for more than 60 pharmaceutical and biotech companies representing over 4,500 research sites."

7. Defendant is a Delaware corporation with its principal place of business in Wilmington, North Carolina.

## **FACTUAL ALLEGATIONS**

8. Beginning in or around March of 2012, Defendant contacted Plaintiff on her cellular telephone number ending 2253 in an effort to sell or solicit its services.

9. Beginning in or around April of 2012, Defendant contacted Plaintiff again on her cellular telephone in an effort to sell or solicit its services.

10. Specifically, Defendant placed telephone calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice message that invited Plaintiff to contact Defendant.

11. Since March of 2012, Defendant has placed no less than two (2) such identical automated telephone calls to Plaintiff's cellular telephone leaving messages as described above.

12. Plaintiff is not a customer of Defendant, has never provided her cellular telephone number to Defendant for any purpose whatsoever, nor has Plaintiff purchased or used any goods or services offered by Defendant at any time prior to the filing of the Complaint in this action.

13. Defendant is in the business of recruiting enrollment for medical studies on behalf of commercial companies, including large pharmaceutical companies, providing and selling this service through a results-based pricing scheme.

14. Plaintiff is informed, believes and thereon alleges, that the purpose of such calls was to secure the enrollment of Plaintiff into clinical studies so that

Defendant could receive monetary compensation for its efforts by the undisclosed entity that hired Defendant to place the solicitation calls.

15. Defendant's purpose and language of the prerecorded voice messages is geared towards acquiring new customers for the undisclosed company.

16. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

17. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. This ATDS also has the capacity to automatically dial telephone numbers from a list or database of numbers without human intervention.

19. These calls made by Defendant to Plaintiff's cellular telephone utilized an artificial or prerecorded voice as prohibited by 47 U.S.C. § 227(b)(1)(A).

20. Defendant's calls constituted calls that were not for emergency purposes pursuant to 47 U.S.C. § 227(b)(1)(A).

21. Plaintiff did not provide Defendant or its agent prior express consent to receive calls to her cellular telephone utilizing an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227(b)(1)(A).

22. Defendant, or its agent, placed these calls from telephone number (626) 532-1101.

23. These telephone calls by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed Class defined as follows:

> All persons within the United States who received any telephone call/s from Defendant or its agent/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial

or prerecorded voice within the four years prior to the filing of the Complaint.

25. Plaintiff represents, and is a member of, the Class. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the members of the Class number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

26. The members of Class are so numerous that the individual joinder of all of its members is impractical.

27. Plaintiff alleges that the members of the Class are ascertainable from the records maintained by Defendant and through public notice.

28. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the members of the Class via their cellular telephones thereby causing invading the privacy of said Plaintiff and the Class members. Plaintiff and the members of the Class were damaged thereby.

29. Common questions of fact and law exist as to all members of the Class, which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of the Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any cellular telephone number;

b. Whether Plaintiff and the members of the Class were damages thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

30. As a person who received at least one automated call utilizing an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in the Plaintiff has no interests antagonistic to any member of the Class.

31. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions under the Telephone Consumer Protection Act.

32. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all members of the Class is impracticable. Even if every member of the Class could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Class.

33. The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Class not parties to such adjudications or that would substantially impair or

impede the ability of such non-party Class members to protect their interests.

34. Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

35. Plaintiff anticipates providing notice to the members of the Class by direct mail notice and Internet website.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

38. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

42. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff seeks for herself and each Class One member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff seeks for herself and each Class One member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

44. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 8, 2014                        Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: _/s Abbas Kazerounian_____
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*Attorneys for Plaintiff*